# W. W. PULS v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

December 18, 1914.

Nos. 18,846—(101).

**Negligence of master.**

1. The evidence justified a finding that the defendant was negligent in

[1] Reported in 150 N. W. 175.

---

Note.—As to the servant's assumption of risk of the master's breach of statutory duty, see notes in 6 L.R.A.(N.S.) 981; 19 L.R.A.(N.S.) 646; 22 L.R.A.

having dull or nicked knives on a hand jointer on which the plaintiff was working and that such negligence caused the plaintiff's injury.

**Same — failure to guard knives of jointer.**

2. The evidence justified a finding that the defendant was liable for a failure to guard the knives on such jointer as required by the order of the Industrial Commission of Wisconsin.

**Expert witness.**

3. A witness held competent to testify as an expert.

**Assumption of risk.**

4. The plaintiff did not, as a matter of law, assume the risk.

**Damages not excessive.**

5. An award of $2,000 for the loss of the little finger at the knuckle joint, and the next finger at the second joint, of the left hand, to a carpenter 35 years of age, who is left-handed, is not excessive.

Action in the district court for Ramsey county to recover $3,500 for personal injury received while in the employ of defendant. The answer alleged that the injuries were in part at least caused by negligence on the part of plaintiff and that plaintiff knew and assumed the risks incident to his employment. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $2,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Barrows, Stewart & Ordway,* for appellant.

*Barton & Kay,* for respondent.

DIBELL, C.

Appeal by the defendant from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial after a verdict for the plaintiff in an action to recover for personal injuries sustained while in the employ of the defendant.

The plaintiff was injured while working for the defendant on a hand jointer at Grand Crossing, in Wisconsin. Two acts of negli-

(N.S.) 634; 33 L.R.A.(N.S.) 646; 42 L.R.A.(N.S.) 1229, and 49 L.R.A.(N.S.) 471.

On the question of the servant's assumption of obvious risks of hazardous employment, see note in 1 L.R.A.(N.S.) 272.

gence are alleged: (1) That the knives of the jointer were dull and nicked; (2) that the defendant failed to guard the knives.

1. There is evidence that the knives were dull and nicked and that their condition in this respect tended to throw or kick back the boards. If they were kicked back, there was a likelihood that the operator's hands would come in contact with the knives. The evidence was such as to make a question for the jury upon the negligence charged.

2. Under authority of the statutes of Wisconsin the Industrial Commission made the following order assumed to be of statutory effect:

"All hand jointers must be equipped with safety cylinder heads and a guard must be placed over the knives to protect the hands of the operator."

It defined "guarded" as follows:

"The term 'guarded' when used in these orders shall mean so covered, fenced or inclosed that a person in the course of his employment is not liable to come in contact with the point of danger and be injured."

The defendant complied so far as to furnish safety cylinder heads. It did not place a guard over the knives. There is evidence that it was practicable to do so. There is evidence that a guard of some kind had at one time been over the knives. There was evidence that it was impracticable. There was testimony on the part of the defendant that guards could not be placed over the knives without destroying the character of the machine as a jointer. The court submitted the case to the jury substantially upon the theory that the defendant was liable only in the event that it was practicable to place a guard over the knives; and that it negligently failed so to place guards. Upon the theory upon which the case was submitted the questions of practicability and negligence were for the jury.

3. The witness Dagnon gave expert testimony as to the character of the machine and the practicability of guarding the knives. It is urged that he was not sufficiently qualified to testify as an expert. He had worked several years about machinery of this kind.

We think he was qualified to testify; or at least that the question of his competency was for the court.

4. The plaintiff had considerable experience in work of this and a similar kind. It is claimed that he assumed the risk of his work, whether his injury came from dull or nicked knives or a failure to guard. We think there is no question of the assumption of risks which survives an adverse finding of the jury.

5. The plaintiff was a carpenter 35 years of age. The injury resulted in the loss of the little finger of his left hand at the knuckle joint and the next finger at the second joint. He is left-handed. The verdict was for $2,000. It is claimed that this amount is excessive but we do not think it is.

Order affirmed.